IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CRYSTAL FINISHING SYSTEMS, INC.,

                              Plaintiff,

  v.

GERBER LIFE INSURANCE COMPANY,

                              Defendant.

OPINION and ORDER

23-cv-784-jdp

---

      The court denied both parties' motions for summary judgment in this insurance coverage dispute, concluding that neither party had correctly interpreted the policy definition of "paid." The court gave the parties 30 days to submit a joint statement proposing a procedure for resolving this case under the court's interpretation of the policy, setting out alternative proposals on any points of disagreement. Dkt. 61. The parties did not submit a joint statement; they filed separate statements.

      In its response, plaintiff Crystal Finishing Systems, Inc. says that it is entitled to entry of judgment in the total amount in the two bank accounts (the custodial account and the operating account) at the end of the policy period, which would be $402,708.97. Dkt. 62. That's consistent with the court's ruling on summary judgment.

      Defendant Gerber Life Insurance Company says it couldn't respond in a joint statement because its client representative has been out of the office. Dkt. 63. That's a flimsy excuse for an insurance company given 30 days to respond to a court order. The substance of Gerber Life's response is that it wants the court to set a settlement conference or set a briefing schedule for a motion for reconsideration.

The court construes the response from Gerber Life as a motion for reconsideration, and it denies the motion. The cited grounds for reconsideration were presented in Gerber Life's original summary judgment briefing, and the court's order explained why it would not adopt its interpretation of the policy. Gerber Life has not shown any manifest error of law or fact that would warrant granting a motion for reconsideration. If Gerber Life disagrees with the court's interpretation, its recourse is to appeal after entry of judgment.

Crystal Finishing's proposal to enter judgment for it in the amount of $402,708.97 based on the court's summary judgment decision is a reasonable one. The court sees no other course of action consistent with the court's summary judgment decision. The court will give Gerber Life 14 days to show cause why the court should not enter judgment for Crystal Finishing' in the amount of $402,708.97.

The parties are free to settle any time, but the court will not delay the case any longer to give them time to do so. Nor will the court grant an extension of Gerber Life's deadline to show cause.

ORDER

IT IS ORDERED that:

1. Defendant Gerber Life Insurance Company's motion for reconsideration, Dkt. 63, is DENIED.

2. Defendant may have until May 7, 2025, to show cause why the court should not enter judgment for plaintiff Crystal Finishing Systems, Inc. in the amount of $402,708.97.

Entered April 23, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge